UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| V. J. CARO, JR. | CIVIL ACTION NO. 23-185 |
| VERSUS | JUDGE |
| ALLSTATE INSURANCE COMPANY and CORBITT PUBLIC ADJUSTING, LLC | MAGISTRATE |

**NOTICE OF REMOVAL**

Defendant, Allstate Insurance Company Insurance Company ("Allstate"), hereby removes to this Court the state court action described below.

1. "Plaintiff, V. J. Caro, Jr. filed this action, seeking recovery of losses or damages incurred as a result of Allstate's alleged failure to pay property damages due plaintiff under its policy of insurance with Allstate and due to Allstate's alleged bad faith in handling Plaintiff's claim, arising from Hurricane Ida of August 29, 2021 at plaintiffs' property located at #4 Richland Row, Houma, Louisiana.

2. The Petition names Allstate, as a foreign insurer and Corbitt Public Adjusting, L.L.C. as Defendants. (Petition ¶ 1). Allstate is a foreign insurance corporation authorized to do and doing business in the State of Louisiana with its principal place of business is in the State of Illinois and is incorporated in the State of Illinois. Corbitt Public Adjusting, L.L.C. is a

Mississippi limited liability corporation whose sole member is Miles Corbett whose domicile is 101 McDonald Lane, Bay St. Louis, Mississippi.

3. This action was filed in the 32nd Judicial District Court, Parish of Terrebonne, State of Louisiana, entitled, *V. J. Caro, Jr. v. Allstate Insurance Company, et al* docket number 0195265, A.

4. The gravamen of the Petition as to Allstate is that Allstate failed to properly adjust Plaintiff's claim and failed to properly compensate Plaintiff, and that Allstate's alleged conduct was arbitrary and capricious, entitling Plaintiff to bad faith damages under the Louisiana bad faith statute, La. Rev. Stat. § 22:1973 and 22:1982. Plaintiff alleges Allstate and improper payments on his claim to the co-defendant, Corbitt Public Adjusting, L.L.C. (Petition ¶¶ 2-24).

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. There is complete diversity as to all properly joined parties and the amount in controversy clearly exceeds the sum of $75,000, exclusive of interest and costs.

6. Allstate has attached all pleadings filed in the record of the state court proceeding as of the date of this filing. (Exhibit A). The petition which is the initial pleading setting forth the claim for relief upon which plaintiff's action or proceeding is based was served upon Allstate's agent, the Louisiana Secretary of State on December 16, 2022. Thus, this Notice of Removal is filed timely, in compliance with 28 U.S.C. § 1446(b).

## Complete Diversity Exists As To All Properly Joined Parties

7. Plaintiff is alleged to be a citizen of the State of Louisiana. (introductory ¶). The defendant, Allstate is a corporation incorporated in Illinois with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes. Defendant, Corbitt Public Adjusting, L.L.C. is a Mississippi limited liability corporation whose sole member is Miles

Corbett whose domicile is 101 McDonald Lane, Bay St. Louis, Mississippi. *See* 28 U.S.C. § 1332(c)(1).

8.      Complete diversity exists between Plaintiff, who is a Louisiana citizen and Allstate and Corbitt Public Adjusting, L.L.C. who are non-Louisiana citizens. Allstate has a right of removal and this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because there is complete diversity as to all joined parties and, as shown below, the amount in controversy exceeds $75,000.

### The Amount In Controversy Exceeds $75,000

9.      The Petition is silent as to the total amount in controversy. Therefore, the removing party must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945 (2003). The removing party, here Allstate, can meet this burden by setting forth facts in controversy demonstrating that the amount in controversy exceeds $75,000. *Id.*; *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

10.     Here, it is apparent that the amount in controversy exceeds $75,000. Plaintiff alleged that he owned property at #4 Richland Row, Houma, Louisiana that was insured by Allstate and which property sustained major damage. Plaintiff alleged Corbitt interfered with the receiving his receiving at least the undisputed portion of the funds tendered by Allstate. Plaintiff alleged he is entitled to damages as, A. the minimum amount due to Plaintiff by its own calculations, (i.e. $151,0005.05) less the Insured's deductible of $32,500.00; B. additional sums due for additional work that needs to be performed, but was not included in Allstate's appraisal;

C. All applicable statutory penalties under La.R.S. 22:1892 and 22:1973 and D. reasonable attorney's fees and litigation expenses as allowed by law. (Petition ¶¶ 16, 22-24, prayer).

11. The insurance policy sued upon with Allstate, under which Plaintiff's claim is made, has insurance dwelling coverage of $645,000other structures coverage of $64,500 and contents coverage of $483,750. (Exhibit B). The policy limit is properly considered in determining the amount in controversy. *Albarado v. State Farm Mut. Auto. Ins. Co.*, No. 91-2036, 1991 WL 165733, at *1 (E.D. La. Aug. 20, 1991) (policy limits plus statutory penalties are properly considered when determining if jurisdictional amount is met).

12. Allstate has made tender payments to Plaintiffs, but more than $75,000 is available for coverage and as such there is more than $75,000 remaining available under the policy. Accordingly, the various available limits of coverage under the policy alone exceed $75,000.

13. It is clear that, based on the contractual damages Plaintiffs are seeking alone, there is more than $75,000 in controversy in this case.

14. In addition to the contractual amounts claimed, Plaintiff attempts to state causes of action for penalties and attorney fees. (Petition ¶ 22, prayer). While Allstate denies it acted in bad faith, penalties are properly included in determining the jurisdictional amount. *See Albarado*, 1991 WL 165733, at *1 (policy limits plus statutory penalties are properly considered when determining if jurisdictional amount is met); *St. Paul Reinsurance*, 134 F.3d at 1253 (noting that attorneys' fees and penalties are included in determining jurisdictional amount when party could be liable for same under state law). Here, Plaintiffs are seeking over $75,000 in compensatory damages, plus double penalties which clearly puts the amount in controversy over $75,000.

15. The fact that Plaintiffs are seeking more than the minimum amount in controversy is also apparent based on the fact that the Plaintiff's Petition states its damages are legally sufficient for federal court jurisdiction. While it is generally true under Louisiana law that a plaintiff may not allege a specific amount of damages, an important exception to that rule exists. The Louisiana Code of Civil Procedure specifically states that:

> The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, ***the lack of jurisdiction of federal courts due to insufficiency of damages***, or for other purposes, *a general allegation that the claim exceeds or is less than the requisite amount is required*.

La. Code Civ. P. Art 893 A(1) (emphasis added). Thus, if Plaintiffs' damages were in fact less than $75,000 Plaintiff was required to allege that fact.

16. Here, Plaintiff did in fact allege the damages were less than $75,000. Plaintiff has plead that "As a result of Allstate Insurance Company's actions, it owes Plaintiff: A. The minimum amount due to Plaintiff by its own calculations, (i.e. $151,0005.05) less the Insured's deductible of $32,500.00". Based on Plaintiff's failure to allege that they were seeking less than $75,000, there is a presumption that the amount in controversy exceeds $75,000. *Bruce v. Fisher*, No. 06-0840, 2006 U.S. Dist. LEXIS 64032 at * 4 (W.D. La. July 13, 2006) (stating that where a plaintiff fails to allege less than $75,000 is in controversy, plaintiff has "in effect conceded by [the] state court pleadings that the requisite jurisdictional amount is in controversy."); s*ee also George v. Dolgencorp. Inc.,* 2008 U.S. Dist. LEXIS 1563 at *1-2 (W.D. La. Jan. 9, 2008) (noting that the failure of plaintiff to allege it was seeking less than $75,000 in Louisiana state court petition is "one piece of evidence for the Court to consider" in determining whether the amount in controversy requirement is met).

17. Accordingly, the amount in controversy exceeds $75,000 for diversity jurisdiction purposes, and there is complete diversity between the parties.

18. Co-defendant, Corbitt Public Adjusting, L.L.C. consents to removal pf this action.

WHEREFORE, Allstate Insurance Company respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted,

/s/ James L. Donovan, Jr.
JAMES L. DONOVAN, JR. (1337)
DONOVAN & LAWLER, APLC
4640 Rye Street
Metairie, LA 70006
Telephone:  (504) 454-6808
Facsimile:  (504) 887-5885
Email:  jdonovan@donovanlawler.com

Attorneys for defendant

CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2023 the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ James L. Donovan, Jr.